Dear Mr. Morrell:
You advise that an employee of your office resigned to become interim council member-at-large for the New Orleans City Council. This individual is barred by home rule charter provision from seeking election to the member-at-large position.[1] However, you ask if this person may return to his position of employment with your office when another is elected to office.
The provisions of the Louisiana Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., are implicated by the holding of two or more positions of public office and/or employment. Here, the dual officeholding provisions are inapplicable, as this person holds only one position of public office or employment.
This office issues legal opinions related to an examination of the dual-officeholding statutes. Any issues concerning the Code of Governmental Ethics, *Page 2 
R.S. 42:1101, et seq. are addressed by advisory ruling of the Louisiana State Board of Ethics, 2415 Quail Drive, Baton Rouge, LA 70808, 225-763-8777.
You may also wish to consult your city ethics review board for a ruling under the city code of ethics.[2]
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office
Very truly yours,
 CHARLES C. OTI, JR. ATTORNEY GENERAL
 BY: _________________________
 KERY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] In Part I, Article III of the Home Rule Charter of the City of New Orleans provides in Section 3-105, in pertinent part:
Section 3-105 Election of Councilmembers
(1) At an election to be held every four years at the time of the election of the Mayor in accordance with the election laws of the state, one councilmember shall be elected from each council district and two from the City at large. Each elector may vote for one district councilmember from that elector's district, and may also vote for two councilmembers-at-large.
(2) A vacancy in the office of any councilmember shall be filled as follows:
(a) If the unexpired term is less than one year, the remaining members of the Council shall select by a majority vote of all of its members a citizen with the requisite qualifications to fill the vacancy for the unexpired term. Vacancies shall be filled only at a regular meeting of the Council after reasonable notice of the vacancy to all remaining members of the Council. Should the Council fail to fill any vacancy within thirty days after its occurrence, the Mayor shall appoint a citizen with the requisite qualifications to fill the vacancy for the unexpired term. A citizen selected or appointed to fill such vacancyshall be Ineligible to qualify as a candidate for that office at thenext election. (Emphasis added).
[2] In Part II, Chapter II, Article VII of the Home Rule Charter of the City of New Orleans pertains to "Ethics" in general and in Division 3 of Article VII, Subdivision I, Section 2-719 "An ethics review board is hereby established and authorized to enforce the provisions of the code of ethics of the city". Section 2-718 pertains to advisory opinions and states that "The ethics review board shall prepare and promulgate procedures for requesting official advisory opinions pertaining to the city code of ethics. All such official advisory opinions shall be in writing. All such official advisory opinions shall be distributed to all agencies of city government and be accessible to all city employees". Section 2-767 states "The code of ethics for the city shall apply to allofficials of the government of the city, whether elected or appointed; toall employees, whether classified or unclassified; and to members and/or employees of all boards, agencies, commissions, advisory committees, public trusts, and public benefit corporations of the city". (Emphasis added).